### HENRY STANLEY v. HARVEY D. NYE.

*Action on agreement to lend—Option dealings.*

Assumpsit for the amount of a promised loan will not lie after the expiration of the time within which it was to have been paid back. The only right of action, if any, is for damages for not making the loan as agreed.

The parties to an arrangement for speculating in options have the right as between themselves to settle their mutual dealings as they please; and a loan from one to the other, agreed upon by them in making such settlement, would not be affected by the nature of their previous operations.

Error to Genesee. (Newton, J.) June 22.—July 2.

ASSUMPSIT. Defendant brings error. Reversed.

*Geo. H. & Chas. A. Durand* and *Isaac Marston* for appellant. Promissory notes are valid though made to raise money to carry on illegal business : *Bottomley v. Goldsmith* 36 Mich. 28 ; *Webber v. Donnelly* 33 Mich. 471 ; *Smith v. Barstow* 2 Doug. (Mich.) 156.

*Howard & Thayer* for appellee. Parties to an illegal transaction cannot hold each other liable for moneys ad-

vanced or paid therefor : *Raymond v. Leavitt* 46 Mich. 447 ;
*Gregory v. Wendell* 39 Mich. 337 : 40 Mich. 432 ; *Arnot v.
Pittston & Elmira Coal Co.* 68 N. Y. 558 ; *Sampson v.
Shaw* 101 Mass. 145 ; *Doolin v. Ward* 6 Johns. 194 ; *Story
v. Salomon* 71 N. Y. 420 ; an agreement of partnership an
object of which is the contemplated illegal sale of lottery
tickets is void : *Williams v. Woodman* 8 Pick. 78 ; money
lent to enable a person to gamble cannot be recovered : *White
v. Buss* 3 Cush. 448 ; *Staples v. Gould* 5 Seld. 520 ; an
agent cannot recover compensation from his principal for ser-
vices in making a contract which is illegal, nor can he re-
cover for money paid on account of his principal in execu-
tion of it : *Stebbins v. Leowolf* 3 Cush. 137 ; where a contract
is illegal, either under a statute or at common law, the illegal-
ity will extend to all antecedent contracts made in aid of
or to effectuate the illegal purpose : *Mosher v. Griffin* 51 Ill.
184 ; *Collins v. Merrell* 2 Metc. (Ky.) 163 ; *Tatum v. Kelley*
25 Ark. 209 ; *Watson v. Fletcher* 7 Gratt. 1 ; a note given for
option deals is a gambling contract, and without consider-
ation ; but may be good if it has passed into the hands of a
bona fide holder : *Shaw v. Clark* 49 Mich. 384 ; where a debt
is extinguished by the deed, or the money paid is not advanced
by way of loan, or where it is optional with the grantor to
refund or to keep the money, the transaction is a conditional
sale and not a mortgage : *Swetland v. Swetland* 3 Mich. 482 ;
*Robinson v. Cropsey* 2 Edw. Ch. 138 : 6 Paige 480 ; 1 Hil-
liard on Mortgages (2d ed.) 86 ; *Holmes v. Grant* 8 Paige
250 ; *Glover v. Payn* 19 Wend. 520 ; *Goodman v. Grierson*
2 B. &. B. 274 ; *Brown v. Dewey* 2 Barb. 28 ; *Baker v.
Thrasher* 4 Den. 493.

COOLEY, J. Assumpsit to recover the sum of two thou-
sand dollars, which is claimed as part of the purchase price
of a city lot in Flint.

The plaintiff's case is that in December, 1879, the parties
entered into an arrangement for joint speculations in pork
and grain in Chicago, and that in pursuance of such arrange-
ment they bought options until in April, 1880, when they
were found to have lost several thousand dollars. The par-

ties then had a meeting to adjust matters between themselves, the result of which was that plaintiff deeded to defendant the city lot in question, which was worth four thousand dollars, and defendant was to apply two thousand dollars in full settlement of the dealings between them, and pay plaintiff the further sum of two thousand dollars within a few days. It is this latter sum that plaintiff claims to recover in this suit.    The transaction would thus appear to be a sale of the lot for four thousand dollars, with short credit for half the purchase price.

The defendant sought by the cross-examination of the plaintiff to show that he did not buy the lot, but received a deed of it by way of security of an agreed balance due him on their settlement.    This balance the plaintiff stated was four thousand dollars ; and he also said that at the time of the adjustment he was willing to pay defendant all that was due him, and had no desire to cheat him out of any thing.    He also admitted that, when the deed was delivered, defendant gave him back a writing agreeing to reconvey the property in one year or two years.

The following questions and answers then appear in the record :

" *Q.* This property, now—this conveyance was really given with that object in view—to secure him—was it not; in part at least ?

*A.* Yes sir ; two thousand dollars of it.

*Q.* The object was security, and upon your being able to repay him you should have it back again ?

*A.* Yes sir.

*Q.* That was the object of the transaction ?

*A.* Yes sir.

*Q.* That was the object of putting the agreement in writing, that he should convey back and discharge the obligation on your paying the amount ?

*A.* Yes sir."

The plaintiff did not put the agreement in evidence, but he called as a witness the notary who drew the deed and agreement, and he gave evidence on cross-examination that the arrangement between the parties was that the lot was to be reconveyed to the plaintiff on his paying within either one year or two years—the witness was not certain

which—the sum of four thousand dollars with ten per centum interest. No evidence was given on the part of the plaintiff which tended to make out any different case.

On the testimony of the notary it is very clear the plaintiff could not recover. He was bringing suit for two thousand dollars which was to be loaned to him for repayment within one or two years. More than two years had elapsed before the suit was instituted, and therefore, if he were to recover the money, defendant would be entitled to sue and recover it back again immediately. It is idle to contend that this may be done. If the plaintiff has a right of action, it can only be for damages for not making the loan as agreed.

The plaintiff admits that defendant holds the land as security, but he claims that the sum secured is only two thousand dollars. There are some difficulties in understanding this, but the most favorable view for him that can be taken of his evidence is this : that by the arrangement he allowed defendant two thousand dollars in settlement of their deals, and was to have a loan of two thousand dollars for two years upon a pledge of the lot. It would not do to say that the arrangement was one of sale of the lot, with the privilege of repurchase on payment of two thousand dollars when the plaintiff himself says it was worth twice that sum. But if the transaction was one of loan, it is immaterial for the purposes of this suit whether the sum to be repaid was two thousand dollars or four thousand, for in neither case is any sum owing to the plaintiff.

Argument was made in the case respecting the legality of the Chicago transactions ; but whether they were legal or illegal seems to be of no moment. If they were illegal, the parties had a right to settle them up as they pleased, and they had full legal authority at the same time to agree upon a loan one to the other if they pleased. The previous transactions would not affect this agreement, even though they may have furnished the occasion for entering into it.

The judge should have instructed the jury that there was no evidence entitling the plaintiff to recover.

The cause will be remanded for a new trial and the defendant will recover the costs of this court.

The other Justices concurred.