## HENRY STANLEY v. HARVEY D. NYE.

*Consideration—Sale or Security—Set-off.*

1. A transfer of land for less than its value is a legal consideration for an agreement by the transferee that he will settle certain claims arising out of mutual transactions and standing against the person making the transfer. And it is immaterial whether the claims so disposed of were binding obligations or not.

2. A transfer of land cannot be treated in an appellate court as by way of security if the jury below has found it to be a sale.

3. Where part of the consideration for a transfer of land was the settlement of claims outstanding against the grantor, the transferee could not, in an action against him for the money consideration, set-off the amount of such claims settled by him before the transfer.

Error to Genesee.   (Newton J.)   June 12.—June 25.

ASSUMPSIT.   Defendant brings error.   Affirmed.

*George H. & Charles A. Durand* and *Isaac Marston* for appellant.

*Howard & Thayer* and *Long & Gold* for appellee.

CAMPBELL, J.   This suit, which was before us on a different record and reported in 51 Mich. 232, is an action to recover $2000 which plaintiff testified defendant agreed to pay him in consideration of the conveyance of certain lands in Flint of greater value, which plaintiff claims were turned out to induce defendant to relieve him from any further liability and settle up some demands which defendant wished to have paid up, and which plaintiff was unwilling to pay. Upon the former record as the testimony was represented in the bill of exceptions, we were of opinion that the plaintiff's showing made out no such transaction.   On the new trial he explained his former testimony and made out a full showing, if believed, which would justify a verdict in his favor.   The jury acted upon his testimony and gave him the amount claimed, less a set-off of an amount due defendant on a different transaction.   Defendant brings error.

The principal argument was aimed at showing that plaintiff's testimony showed the dealing to be a security and not a sale.   This ground is not tenable.   The testimony was properly submitted to the jury on the conflicting evidence, and there was enough to authorize them in their finding.

The parties had for some time before this arrangement been dealing somewhat heavily in Chicago speculative transactions involving options and margins, and had balances

claimed against them on these dealings, and bank paper held in Flint which had grown out of them. These bank and other balances are claimed to have amounted to not far from $9000. According to plaintiff's statement, his property, outside of his homestead, had been reduced so that the land in question made up all or nearly all that he had left. Defendant was anxious to have this indebtedness settled up. Plaintiff was unwilling to pay it, and claimed that much if not all of it arose out of illegal transactions which he was not disposed to settle up. Finally he claims that he came to an agreement with defendant that he would sell to him this land, which he reckoned as worth about $4000, in consideration that defendant should settle up these claims and pay. him back $2000. It was further agreed, and of this there is testimony from the draughtsman as well as from plaintiff, that he should have an option to repurchase the land on refunding $4000 with interest. Defendant claims this was a mere security. It is admitted on the record that plaintiff was not to pay this $4000 or any part of it, unless he chose to do so. The draughtsman also testifies to the fact set up by plaintiff, that defendant was to pay plaintiff for some purpose $2000. He also testifies, as plaintiff does, that originally the parties differed as to whether the sum to be paid should be $2000 or $2500, and that finally the sum was fixed at $2000. It further appeared that defendant was at once put in possession, and has ever since received rent at $432 a year, and that he has mortgaged the land for $2000 to a third party.

It is a doctrine well settled that such a transfer of land is a legal consideration for such an agreement as plaintiff relies on. And it could make no difference, as the court correctly instructed the jury, whether the matters so adjusted were binding or not binding obligations. If defendant was willing, in consideration of what plaintiff testifies was reckoned as worth $2000, to see that he should be relieved from them, the bargain was one which could lawfully be made, and the jury have found it was made.

It was urged further that defendant was entitled to set off

against this claim of $2000 so much of these claims as he had paid, beyond one-half, after deducting the value of the land. But this cannot be so. If the contract was made as plaintiff asserted, then it put an end to any responsibility of plaintiff upon those claims so far as defendant was concerned, and bound defendant to settle them at his own expense. If plaintiff made no such bargain with defendant, then he made out no case at all; and the jury have found he did. There was a set-off proven and allowed by the jury, which was distinct from the other, and is not complained of.

Upon the whole record we find nothing to indicate any erroneous rulings. The judgment must be affirmed.

SHERWOOD and CHAMPLIN, J J. concurred with CAMPBELL J

COOLEY, C. J. dissenting. When this case was here before it was held that upon the plaintiff's own showing, the land for the price of which he had sued was deeded by him to the defendant by way of security, and that consequently his action, which assumed that it had been sold to the defendant, had no basis. The case went back for a new trial, and the plaintiff, being then apprised of the defect in his case, has changed his evidence, and by testifying in flat contradiction of himself, has succeeded in obtaining a verdict. So plain a case of bending the facts to the exigencies of the controversy is probably seldom seen.

But I think that his evidence, taken in connection with that of the notary, still shows the case to have been one of security, and that upon all the facts shown by himself there is no room for any other conclusion. I think the plaintiff was entitled to an instruction to that effect. I also think that the legality or illegality of the transactions which led to the giving of the deed was not immaterial as the judge in his instructions assumed it was. If the transactions were legal, the parties were jointly liable for considerable debts, which the defendant undertook to pay off for both; and the improbability of his having made such an arrangement as the defendant undertook to set up would have been vastly greater than if no such indebtedness existed. It would not have been surprising if in the minds of the jury the whole

case would have turned upon the view they took of the legality of those previous transactions. The judge should have given them specific instructions on the subject.

I think the case should go back for a new trial.